# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDMOND SCHIEDEL** | **CIVIL ACTION** |
| **versus** | **NO. 06-0590** |
| **WARDEN WILKINSON** | **SECTION: "K"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Edmond Schiedel, is a state prisoner incarcerated at the Winn Correctional Center, Winnfield, Louisiana. On March 26, 2003, he pled guilty to forcible rape in violation of La.Rev.Stat.Ann. § 14:42.1[2] and was sentenced to a term of thirty years imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.[3]

On January 4, 2004, petitioner filed with the state district court a "Motion for Production of Plea and Sentencing Transcripts" in which he requested a copy of transcript of the proceedings of March 26, 2003.[4] That motion was granted on January 7, 2004.[5]

On February 17, 2004, petitioner filed with the state district court a "Motion for Production of Boykin Examination and Waiver of Rights Form." On February 18, 2004, the judge noted on the motion that the motion was granted with respect to the Boykin transcript but was denied with respect to the waiver of rights form, apparently because no such form was executed or contained in the record.[6]

---

[2] Petitioner was originally charged with aggravated rape but, pursuant to a plea bargain, he pled guilty to the lesser included offense of forcible rape. As the factual basis for the plea, the state represented that petitioner engaged in anal intercourse with a boy under the age of twelve between the years of 1987 and 1991. State Rec., Vol. I of I, transcript of March 26, 2003, p. 10. The Court notes that the transcript is erroneously dated "March 26, 2004."

[3] State Rec., Vol. I of I, transcript of March 26, 2003; State Rec., Vol. I of I, minute entry of March 26, 2003.

[4] State Rec., Vol. I of I.

[5] State Rec., Vol. I of I, Order dated January 7, 2004.

[6] State Rec., Vol. I of I. Petitioner apparently challenged that ruling in some respect by filing with the Louisiana First Circuit Court of Appeal an application for supervisory writs. However, on September 27, 2004, the appellate court denied that application, noting that the requested transcript had been mailed to petitioner on August 30, 2004, and that he was not entitled to a copy of the waiver of rights form. State ex rel. Scheidel [sic] v. State, No. 2004-KW-1111 (La. App. 1st Cir. Sept. 27, 2004) (unpublished); State Rec., Vol. I of I.

On September 27, 2004, petitioner filed with the state district court a "Motion to Vacate and/or Correct an Illegal Sentence." On October 4, 2004, the judge noted on the motion that the motion was denied.[7] Petitioner next filed with the Louisiana First Circuit Court of Appeal an application for supervisory writs which was denied on December 30, 2004.[8] He then filed with the Louisiana Supreme Court an application for supervisory and/or remedial writs which was denied on January 9, 2006.[9]

On January 31, 2006, petitioner filed this federal application for *habeas corpus* relief.[10] In support of his application, petitioner claims:

    1.    The state courts wrongly rejected his post-conviction claims on procedural grounds;

    2.    Petitioner's sentence is illegal; and

    3.    Petitioner received ineffective assistance of counsel.

The state argues that petitioner's federal application is untimely.[11] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes

---

[7] State Rec., Vol. I of I.

[8] State *ex rel.* Schiedel v. State, No. 2004-KW-2405 (La. App. 1st Cir. Dec. 30, 2004) (unpublished); State Rec., Vol. I of I.

[9] State *ex rel.* Schiedel v. State, 918 So.2d 1029 (La. 2006) (No. 2005-KH-0499); State Rec., Vol. I of I.

[10] Rec. Doc. 3.

[11] Rec. Doc. 8.

"final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[12]

As noted, on March 26, 2003, petitioner pled guilty and was sentenced. Because he did not file a direct appeal within the five days allowed by state law, his conviction and sentence became final no later than April 2, 2003.[13] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later, i.e., on April 2, 2004, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

---

[12] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions do not appear to be applicable in the instant case.

[13] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's conviction in 2003, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2003, March 29 was a Saturday and March 30 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

The Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976). In this case, however, the Court need not decide whether petitioner had a right to appeal his conviction pursuant to La.C.Cr.P. art. 914, in that petitioner's application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon the expiration of the time within which to notice an intent to appeal (April 2, 2003) or upon petitioner's plea (March 26, 2003).

under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no state applications for post-conviction relief or other collateral review pending at any time from April 2, 2003, through April 2, 2004. Petitioner's only state court filings during that period were his motions for production of transcripts and other documents. Such motions cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).[14]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

---

[14] The Court notes that petitioner filed a "Motion to Vacate and/or Correct an Illegal Sentence" *after* the expiration of the AEDPA's one-year statute of limitations. However, an application filed after the expiration of the statute of limitations has no bearing on the timeliness of a petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 2, 2004, in order to be timely. Petitioner's federal application was not filed until January 31, 2006,[15] and it is therefore untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Edmond Schiedel be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of July, 2006.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[15] Petitioner signed his application on January 31, 2006. Rec. Doc. 3. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).